ERIK A. CHRISTIANSEN, USB 7372
echristiansen@parsonsbehle.com
ALAN S. MOURITSEN, USB 13558
amouritsen@parsonsbehle.com
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111

*Attorneys for USANA Health Sciences, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| USANA HEALTH SCIENCES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BELYNDA LEE, <br><br> Defendant. | **COMPLAINT AND JURY DEMAND** <br><br> Case No. 2:14-cv-00541-PMW <br><br> Judge Paul M. Warner |

Plaintiff Usana Health Sciences, Inc. ("USANA"), by and through undersigned counsel, for its claims for relief against defendant Belynda Lee, complains, alleges and asserts as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff USANA is a Utah corporation with its principal place of business in Utah.

2. Upon information and belief, Defendant Belynda Lee is an individual residing in Canada.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because USANA and Ms. Lee are citizens of different states, and USANA seeks more than $75,000 in damages.

4. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

*USANA's Business, Ms. Lee's Former Position Within the Company, and the Non-Disclosure Agreement*

5. USANA is a multi-level marketing and retail products company headquartered in Salt Lake City, Utah.

6. USANA develops and manufactures high quality, science-based, nutritional and personal care products.

7. To that end, USANA sells vitamin and mineral supplements, as well as healthy meal and snack replacements, each of which provide the nutrients that a person's body needs to build health, maintain weight, and sustain energy levels.

8. In addition, USANA sells premium, science-based personal care products that support healthy skin and hair.

9. USANA continues to add new products to its product lines.

10. In 2005, USANA hired Ms. Lee as Asian Market Development Manager and eventually promoted her to its Vice President over its Canadian and North American Asian Market in 2011.

11. In that capacity, Ms. Lee was responsible to oversee growth and development in those markets, to establish working relationships with key distributors, to establish training programs, and to encourage leadership advancement and trust in USANA.

12. In particular, Ms. Lee was responsible to set the direction and strategy for her markets, to establish a budget, to communicate on a daily basis with key market builders, to oversee market and home office events, to create growth goals and report on them, to recommend content for USANA's publications, to familiarize herself with the industry, and to perform other assignments and tasks as needed.

13. In her capacity as vice president, Ms. Lee signed a Confidentiality, Non-Disclosure and Non-Solicitation Agreement ("Non-Disclosure Agreement").

14. As relevant here, Ms. Lee agreed "that during [her] period of employment with USANA, and for a period of [one] year thereafter, [she would] not directly or indirectly (a) call on, solicit, take away, or attempt to take away for [her] benefit or the benefit of any other person or entity, any customer, supplier, or client of USANA, or (b) solicit, take away, or attempt to take away, for [her] benefit or the benefit of any other person or entity, any employee or officer of USANA."

15. In addition, Ms. Lee promised that in exchange for her continued employment, she would not, for six months following her termination, "accept employment with, engage in or participate, directly or indirectly, individually or as an officer, director, employee, shareholder, consultant, partner, joint venture, agent, equity owner, distributor or in any other capacity whatsoever, with any direct sales or multi-level marketing company that competes with USANA, whether for market share of products or for distributors in territory in which USANA is doing business."

4827-5222-1724.3

*Ms. Lee's Separation Agreement with USANA and Subsequent Breach of That Agreement*

16. On January 23, 2014, Ms. Lee submitted a letter of resignation to USANA, informing USANA that her employment with USANA would end on February 6, 2014.

17. Soon after USANA received Ms. Lee's resignation letter, USANA and Ms. Lee reached an agreement regarding Ms. Lee's separation from the company ("Separation Agreement").

18. Under the "Non-Solicitation" section of the Separation Agreement, Ms. Lee promised that, until February 6, 2015, she would not, "directly or indirectly," recruit USANA employees or consultants, canvas or solicit orders for the purpose of providing services that compete with USANA, or call on or solicit any USANA supplier.

19. Under the "Non-Competition" section of the Separation Agreement, Ms. Lee agreed that, until August 6, 2014, she would not "engage in or participate, directly or indirectly, individually or as an officer, director, employee, shareholder, consultant, partner, joint venture, agent, equity owner, distributor, or any other capacity," or accept employment, with "any direct sales or multi-level marketing company in [Canada or British Columbia] that competes with" USANA.

20. In exchange for Ms. Lee's non-solicitation, non-competition, and other promises, USANA agreed to pay Ms. Lee $53,045.01 within seven days of her resignation date.

21. In addition, USANA agreed to extend the life of 5000 of Ms. Lee's Stock-Settled Stock Appreciation Rights ("SSAR's"), awarded on July 21, 2008, until October 21, 2014. On February 6, 2014, Ms. Lee exercised these rights, sold the underlying shares, and received proceeds of $209,700.

4

22. USANA further agreed to extend the life of the equivalent of 6000 of Ms. Lee's SSAR's, awarded on July 21, 2011, until May 6, 2014. On February 10, 2014, Ms. Lee exercised these rights, sold the underlying shares, and received proceeds of $227,040.

23. Finally, USANA agreed that an additional 6,000 SSAR's would continue to vest on Ms. Lee's behalf, would become available to exercise on July 27, 2014, and would not expire until October 27, 2014.

24. The extension of Ms. Lee's SSAR's was made "[c]onditional upon [Ms. Lee] complying with the non-solicitation and non-competition restrictions" of the Separation Agreement.

25. In May 2014, USANA agreed to a limited waiver of Ms. Lee's non-competition restriction to allow her to accept a position at Nerium International.

26. Unfortunately, within six months of resigning, Ms. Lee breached the Separation Agreement.

27. In particular, Ms. Lee, together with her son and Aaron Dinh, directly or indirectly recruited members of USANA to leave USANA and join Nerium, for which Ms. Lee had been named Regional Vice President of Sales and General Manager of Canada.

28. Ms. Lee's recruiting strategy was to contact USANA distributors, customers, and potential distributors and customers, together with or through her son and Aaron Dinh, to explain to them the purported problems with USANA, and to convince them that Nerium would be a better fit.

4827-5222-1724.3

29. As a result of Ms. Lee's efforts, several key USANA distributors and customers left USANA and joined Nerium, including Brenton Haag, Cathy Ngo, Aaron Dinh, May Anilhongse, Maurizio Flores, Coach Mike, and Christy Grisom.

30. Two of the distributors (Dinh and Ngo) were two-star Diamond Directors for USANA, which is a very significant distributor position within USANA. Their departure has dramatically and negatively impacted USANA's sales, as they were highly recognized distributors with large, successful sales organizations. In addition, their departure has created negative publicity for USANA.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

31. USANA incorporates by reference the allegations set forth in paragraphs 1 through 30 above, as if fully set forth herein.

32. USANA and Ms. Lee mutually agreed to the terms of the Separation Agreement.

33. In exchange for six months' salary and a generous stock option (SSAR) package, Ms. Lee promised—in the Separation Agreement—to not recruit USANA distributors and customers for at least a year.

34. USANA performed its obligations under the Separation Agreement by paying Ms. Lee six months' salary and providing her the promised stock option (SSAR) package.

35. Ms. Lee materially breached the Separation Agreement.

36. In particular, Ms. Lee recruited—both directly and indirectly—USANA distributors and customers to leave USANA and join Nerium—a competing company.

4827-5222-1724.3

37. As a direct and proximate result of Ms. Lee's breach, several of USANA's distributors, including Brenton Haag, Cathy Ngo, Aaron Dinh, May Anilhongse, Maurizio Flores, Coach Mike, and Christy Grisom, left USANA to join Nerium.

38. The loss of these distributors, and in particular two-star , Directors Dinh and Ngo has resulted in a significant loss of sales, as well as reputational harm.

39. USANA has been damaged in an amount to be determined at trial, but which is presently estimated to be at least $1,000,000.

40. In addition to monetary damages, and in the alternative, USANA is entitled to a temporary restraining order, a preliminary injunction, or a permanent injunction prohibiting Ms. Lee from continuing to solicit USANA's members and from continuing to compete with USANA.

## SECOND CLAIM FOR RELIEF
### (Breach of Covenant of Good Faith and Fair Dealing)

41. USANA incorporates by reference the allegations set forth in paragraphs 31 through 40 above, as if fully set forth herein.

42. In agreeing to be bound by the Separation Agreement, USANA and Ms. Lee also implicitly covenanted to not intentionally do anything to injure the other party's right to receive the benefits of the contract.

43. The Separation Agreement benefited USANA by ensuring that one of its top executives in Canada would not do anything, upon resigning, to harm USANA's business interests for a specified period of time.

4827-5222-1724.3

44. Ms. Lee intentionally harmed USANA's right to receive that benefit by actively recruiting USANA distributors and customers to leave USANA and join Nerium, a company that directly competes with USANA.

45. As a direct and proximate result of Ms. Lee's breach, several of USANA's distributors, including Brenton Haag, Cathy Ngo, Aaron Dinh, May Anilhongse, Maurizio Flores, Coach Mike, and Christy Grisom, left USANA to join Nerium.

46. The loss of these distributors, and in particular two-star Diamond Directors, Dinh and Ngo, has resulted in a significant loss of sales, as well as reputational harm.

47. USANA has been damaged in an amount to be determined at trial, but which is presently estimated to be at least $1,000,000.

48. In addition to monetary damages, and in the alternative, USANA is entitled to a temporary restraining order, a preliminary injunction, or a permanent injunction prohibiting Ms. Lee from continuing to solicit USANA's members and from continuing to compete with USANA.

### THIRD CLAIM FOR RELIEF
**(Tortious Interference with Economic Relations)**

49. USANA incorporates by reference the allegations set forth in paragraphs 41 through 48 above, as if fully set forth herein.

50. Ms. Lee intentionally interfered with USANA's prospective economic relations by actively recruiting USANA distributors and customers to leave USANA.

51. The means by which Ms. Lee intentionally interfered with USANA's economic relations were improper.

52. In particular, Ms. Lee and her cohorts used disparaging falsehoods about USANA in recruiting USANA members to leave USANA.

53. As a direct and proximate result of Ms. Lee's actions, USANA has been damaged in an amount to be determined at trial, but which is presently estimated to be at least $1,000,000.

54. In addition to monetary damages, and in the alternative, USANA is entitled to a temporary restraining order, a preliminary injunction, or a permanent injunction prohibiting Ms. Lee from continuing to solicit USANA's members and from continuing to compete with USANA.

**FOURTH CLAIM FOR RELIEF**
**(Declaratory Judgment)**

55. USANA incorporates by reference the allegations set forth in paragraphs 49 through 54 above, as if fully set forth herein.

56. USANA and Ms. Lee mutually agreed to the terms of the Separation Agreement.

57. In exchange for six months' salary and a generous stock option package, Ms. Lee promised—in the Separation Agreement—to not recruit USANA distributors and customers for at least a year.

58. USANA performed its obligations under the Separation Agreement by paying Ms. Lee six months' salary and providing her the promised stock option (SSAR) package.

59. Ms. Lee materially breached the Separation Agreement.

60. In particular, Ms. Lee recruited—both directly and indirectly—USANA distributors and customers to leave USANA and join a competing company.

9
4827-5222-1724.3

61. As a result of Ms. Lee's breach, USANA lost several key distributors, including Brenton Haag, Cathy Ngo, Aaron Dinh, May Anilhongse, Maurizio Flores, Coach Mike, and Christy Grisom, left USANA to join Nerium.

62. As a result of Ms. Lee's material breach of the Separation Agreement, and pursuant to Utah Code Ann. § 78B-6-408 et seq., USANA is entitled to a judgment declaring as follows:

    a. The Separation Agreement is an enforceable contract;

    b. USANA performed its obligations under the Separation Agreement;

    c. Ms. Lee materially breached the Separation Agreement by actively recruiting USANA distributors and customers to leave USANA and join Nerium;

    d. As a result of Ms. Lee's breach, USANA is (i) no longer obligated to provide Ms. Lee the stock options (SSAR) that it promised to provide in the Separation Agreement, and (ii) is entitled to recoup the value of the SSAR's Ms. Lee has already exercised and all other consideration paid to Ms. Lee under the Separation Agreement.

## PRAYER FOR RELIEF

WHEREFORE, USANA prays for judgment in his favor as follows:

1. On its first claim for relief, for a monetary judgment against Ms. Lee in an amount to be determined at trial, but not less than $1,000,000;

2. On its second claim for relief, for a monetary judgment against Ms. Lee in an amount to be determined at trial, but not less than $1,000,000;

3. On its third claim for relief, for a monetary judgment against Ms. Lee in an amount to be determined at trial, but not less than $1,000,000;

4827-5222-1724.3

4. On its first, second, and third claims for relief, in the alternative, for a temporary restraining order, preliminary injunction, or permanent injunction, prohibiting Ms. Lee from continuing to act in a manner contrary to law;

5. On its fourth claim for relief, a declaratory judgment declaring that: (i) the Separation Agreement is an enforceable contract; (ii) USANA performed its obligations under the Separation Agreement; (iii) Ms. Lee materially breached the Separation Agreement by actively recruiting USANA distributors and customers to leave USANA; and that (iv) as a result of Ms. Lee's breach, USANA is no longer obligated to provide the stock options (SSAR's) it promised to provide, and that it can recoup the value of the SSAR's Ms. Lee has already exercised;

6. For pre- and post-judgment interest on all sums due at the rate provided by law;

7. For an award of reasonable attorney's fees and costs; and

8. For such other and further relief as the Court may deem equitable, appropriate and just under the circumstances.

DATED this 25th day of July, 2014.

    /s/ Erik A. Christiansen
ERIK A. CHRISTIANSEN
ALAN S. MOURITSEN
PARSONS BEHLE & LATIMER
*Attorneys for USANA*

4827-5222-1724.3

## JURY DEMAND

USANA hereby demands a jury on all claims, causes of action, issues, and/or defenses properly triable before a jury.