Stephen J. Hill, USB 1493
shill@parrbrown.com
Kara M. Houck, USB 8815
khouck@parrbrown.com
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East
Salt Lake City, Utah  84111
Telephone: 801.532.7840
Facsimile: 801.532.7750

Attorneys for Defendant Belynda Lee

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| USANA HEALTH SCIENCES, INC., | **ANSWER** |
| Plaintiff, | |
| vs. | |
| BELYNDA LEE, | Case No. 2:14-CV-00541-PMW |
| Defendant. | Judge Paul M. Warner |

Defendant Belynda Lee ("Defendant"), by and through counsel, hereby answers the Complaint of Plaintiff USANA Health Sciences, Inc. ("Plaintiff") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant responds to the respective numbered paragraphs of the Complaint as follows:

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Deny for lack of knowledge or information.

7. Deny for lack of knowledge or information.

8. Deny for lack of knowledge or information.

9. Deny for lack of knowledge or information.

10. Deny that Plaintiff was promoted Defendant to Vice President over its Canadian and North American Market in 2011; otherwise admit.

11. Admit.

12. Admit.

13. Admit.

14. The Non-Disclosure Agreement speaks for itself and to the extent that the allegations of paragraph 13 are inconsistent therewith the same are denied.

15. Admit that he Non-Disclosure Agreement includes language similar to that quoted in paragraph 15, and to the extent that the allegations of paragraph 15 are inconsistent therewith the same are denied.

16. Admit.

17. Admit.

18. The Separation Agreement speaks for itself and to the extent that the allegations of paragraph 18 are inconsistent therewith the same are denied.

19. The Separation Agreement speaks for itself and to the extent that the allegations of paragraph 19 are inconsistent therewith the same are denied.

20. Deny.

21. Admit.

22. Admit.

23. Admit.

24. The Separation Agreement speaks for itself and to the extent that the allegations of paragraph 24 are inconsistent therewith the same are denied.

25. Admit.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny for lack of knowledge or information

31. Defendant incorporates by reference its responses to the foregoing paragraphs.

32. Deny to the extent that the terms of the Separation Agreement are ambiguous; otherwise admit.

33. The Separation Agreement speaks for itself and to the extent that the allegations of paragraph 33 are inconsistent therewith the same are denied.

34. Admit that USANA paid Defendant salary as provided in the Separation Agreement but deny that it has fully performed its obligations with regard to the promised stock option (SSAR) package.

35. Deny.

36. Deny.

37. Deny.

38. Deny for lack of knowledge or information.

39. Deny

40. Deny

41. Defendant incorporates by reference its responses to the foregoing paragraphs.

42. Deny.

43. Deny for lack of knowledge or information.

44. Deny.

45. Deny.

46. Deny

47. Deny.

48. Deny.

49. Defendant incorporates by reference its responses to the foregoing paragraphs.

50. Deny

51. Deny.

52. Deny.

53. Deny

54. Deny.

55. Defendant incorporates by reference its responses to the foregoing paragraphs.

56. Deny to the extent that the terms of the Separation Agreement are ambiguous; otherwise admit.

57. The Separation Agreement speaks for itself and to the extent that the allegations of paragraph 57 are inconsistent therewith the same are denied.

58. Admit that USANA paid Defendant salary as provided in the Separation Agreement but deny that it has fully performed its obligations with regard to the promised stock option (SSAR) package.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

### THIRD DEFENSE

Defendant denies each and every allegation in the Complaint that is not expressly admitted herein, including, but not limited to, the allegations in the Prayer for Relief.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH DEFENSE

Plaintiff's claims are barred by Plaintiff's prior breach of contract and/or Plaintiff's failure to perform.

### SIXTH DEFENSE

Plaintiff's claims are barred by estoppel and/or waiver.

### SEVENTH DEFENSE

The restrictive covenant Plaintiff seeks to enforce is void and unenforceable as vague, ambiguous, overbroad, and against to public policy.

### EIGHTH DEFENSE

The actions and damages of which Plaintiff complains not the result of any act by Defendant or were the result of acts by persons or entities over whom or over which Defendant had no control and/or influence, directly or indirectly.

### NINTH DEFENSE

Plaintiff's claims are barred by its failure to mitigate damages, if any.

### TENTH DEFENSE

Plaintiff's claims are barred or reduced as a result of any offset owed by Plaintiff to Defendant.

### RESERVATION

Defendant hereby reserves the right to asset any other affirmative defense and/or claims that may come to light during the course of discovery.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and upon the merits, that Plaintiff take nothing, that Defendant be awarded her attorney's fees and costs incurred in defending this action, and for such other and further relief as the Court may deem necessary, just and proper under the circumstances.

DATED 26th day of September, 2014.

        **PARR BROWN GEE & LOVELESS, P.C.**

        /s/ Stephen J. Hill
        Stephen J. Hill

        Attorneys for Defendant Cynthia Cowles

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2014, a true and correct copy of the foregoing **ANSWER** was served via the Court's electronic filing system on the following:

Erik A. Christiansen
echristiansen@parsonsbehle.com
Alan S. Moritsen
amouritsen@parsonsbehle.com
PARSONS, BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111

/s/ Stephen J. Hill