Stephen J. Hill, USB 1493
shill@parrbrown.com
Kara M. Houck, USB 8815
khouck@parrbrown.com
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Telephone: 801.532.7840
Facsimile: 801.532.7750

Attorneys for Lee Belynda Lee

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| USANA HEALTH SCIENCES, INC., <br><br>       Plaintiff/Counterclaim-Defendant, <br><br> vs. <br><br> BELYNDA LEE, <br><br>       Defendant/Counterclaim-Plaintiff. | **AMENDED ANSWER AND COUNTERCLAIM** <br><br><br> Case No. 2:14-CV-00541-PMW <br><br> Judge Paul M. Warner |

Defendant Belynda Lee ("Lee"), by and through counsel, hereby answers the Complaint

of Plaintiff USANA Health Sciences, Inc. ("USANA') as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Lee responds to the respective numbered paragraphs of the Complaint as follows:

1.  Admit.

2.  Admit.

3.      Admit.

4.      Admit.

5.      Admit.

6.      Deny for lack of knowledge or information.

7.      Deny for lack of knowledge or information.

8.      Deny for lack of knowledge or information.

9.      Deny for lack of knowledge or information.

10.     Deny that USANA promoted Lee to Vice President over its Canadian and North American Asian Market in 2011; otherwise admit.

11.     Admit.

12.     Admit that Lee's responsibilities included participating in setting the direction and strategy for her markets, communicating with key market builders, overseeing market and home office evens applicable to her markets, creating growth goals applicable to her markets and reporting on them, recommending content for USANA's publications as related to her markets, and familiarizing herself with the industry.  Deny any allegation inconsistent with the above description.

13.     Admit.

14.     The Non-Disclosure Agreement speaks for itself and to the extent that the allegations of paragraph 14 are inconsistent therewith the same are denied.

15.     Admit that the Non-Disclosure Agreement speaks for itself and includes language similar to that quoted in paragraph 15, and to the extent that the allegations of paragraph 15 are inconsistent therewith the same are denied.

16. Admit.

17. Admit.

18. The Separation Agreement speaks for itself and to the extent that the allegations of paragraph 18 are inconsistent therewith the same are denied.

19. The Separation Agreement speaks for itself and to the extent that the allegations of paragraph 19 are inconsistent therewith the same are denied.

20. Deny.

21. Admit.

22. Admit.

23. Admit.

24. The Separation Agreement speaks for itself and to the extent that the allegations of paragraph 24 are inconsistent therewith the same are denied.

25. Admit that USANA agreed to release Lee from the non-competition restrictions and allow her to work for Nerium, beginning May 31, 2014.  Deny the remaining allegations contained in paragraph 25.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny for lack of knowledge or information

31. Lee incorporates by reference its responses to the foregoing paragraphs.

32.     Deny to the extent that the terms of the Separation Agreement are ambiguous; otherwise admit.

33.     The Separation Agreement speaks for itself and to the extent that the allegations of paragraph 33 are inconsistent therewith the same are denied.

34.     Admit that USANA paid Lee salary as provided in the Separation Agreement but deny that it has fully performed its obligations with regard to the promised stock option (SSAR) package.

35.     Deny.

36.     Deny.

37.     Deny.

38.     Deny for lack of knowledge or information.

39.     Deny

40.     Deny

41.     Lee incorporates by reference its responses to the foregoing paragraphs.

42.     Deny.

43.     Deny for lack of knowledge or information.

44.     Deny.

45.     Deny.

46.     Deny

47.     Deny.

48.     Deny.

49.     Lee incorporates by reference its responses to the foregoing paragraphs.

50.     Deny

51.     Deny.

52.     Deny.

53.     Deny

54.     Deny.

55.     Lee incorporates by reference its responses to the foregoing paragraphs.

56.     Deny to the extent that the terms of the Separation Agreement are ambiguous; otherwise admit.

57.     The Separation Agreement speaks for itself and to the extent that the allegations of paragraph 57 are inconsistent therewith the same are denied.

58.     Admit that USANA paid Lee salary as provided in the Separation Agreement but deny that it has fully performed its obligations with regard to the promised stock option (SSAR) package.

59.     Deny.

60.     Deny.

61.     Deny.

62.     Deny.

## **THIRD DEFENSE**

Lee denies each and every allegation in the Complaint that is not expressly admitted herein, including, but not limited to, the allegations in the Prayer for Relief.

## **FOURTH DEFENSE**

USANA's claims are barred by the doctrine of unclean hands.

## FIFTH DEFENSE

USANA's claims are barred by USANA's prior breach of contract and/or USANA's failure to perform.

## SIXTH DEFENSE

USANA's claims are barred by estoppel and/or waiver.

## SEVENTH DEFENSE

The restrictive covenant USANA seeks to enforce is void and unenforceable as vague, ambiguous, overbroad, and against to public policy.

## EIGHTH DEFENSE

The actions and damages of which USANA complains are not the result of any act by Lee or were the result of acts by persons over whom Lee had no control and/or influence, directly or indirectly.

## NINTH DEFENSE

USANA's claims are barred by its failure to mitigate damages, if any.

## TENTH DEFENSE

USANA's claims are barred or reduced as a result of any offset owed by USANA to Lee.

## ELEVENTTH DEFENSE

As a separate affirmative defense, Lee incorporates by reference the allegations of the counterclaim below.

## RESERVATION

Lee hereby reserves the right to asset any other affirmative defense and/or claims that may come to light during the course of discovery.

WHEREFORE, Lee respectfully requests that USANA's Complaint be dismissed with prejudice and upon the merits, that USANA take nothing, that Lee be awarded her attorney's fees and costs incurred in defending this action, and for such other and further relief as the Court may deem necessary, just and proper under the circumstances.

## COUNTERCLAIM

Counterclaim-Plaintiff Belynda Lee ("Lee"), by and through undersigned counsel, by way of counterclaim against Counterclaim-Defendant USANA Health Sciences, Inc. ("USANA"), alleges:

## PARTIES, JURISDICTION AND VENUE

1.      Lee is an individual residing in Canada.

2.      USANA is a Utah corporation with its principal place of business in Utah.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because USANA is a citizen of the State of Utah and Lee is a citizen of a foreign state, and the matter or sum in controversy exceeds the sum or value of $75,000; and also pursuant to 28 U.S.C. § 1367(a) because the claims in this counterclaim are so related to the claims in the complaint that they form part of the same case or controversy.

4.      Venue is proper in this Court because USANA resides in this judicial district and also because a substantial part of the events or omissions giving rise to this counterclaim arose in this judicial district.

## GENERAL ALLEGATIONS

5.      Lee is a former employee of USANA, most recently holding the position of Vice President over USANA's Canadian and North American Asian markets.

6.      Lee submitted a letter of resignation to USANA dated January 23, 2014, advising that her employment with USANA would terminate effective February 6, 2014.

7.      Lee resigned her employment with USANA after USANA, through its senior management, denied her a promotion and advised her that she would never be promoted above her then current position at USANA.

8.      Lee and USANA negotiated and reached agreement on the terms of separation, which are set forth in a letter from USANA to Lee dated January 28, 2014 (the "Separation Agreement").

9.      The Separation Agreement included non-solicitation and non-competition restrictions, the former to continue through February 6, 2015, and the latter to continue through August 6, 2014.

10.     Lee also signed a Confidentiality, Non-Disclosure and Non-Solicitation Agreement dated July 13, 2011, which contained non-solicitation and non-disclosure restrictions similar, though not identical to, those in the Separation Agreement (the "Non-Solicitation Agreement").

11.     A few months following her resignation, Nerium International ("Nerium") offered Lee employment, and USANA agreed to release Lee from the non-competition restrictions and allow her to work for Nerium, beginning May 31, 2014.

12.     The Separation Agreement provided that, conditional upon Lee complying with its non-solicitation and non-competition restrictions, an amount equivalent to 6,000 SSAR's (stock options) granted to Lee under her SSAR's Award Agreement dated July 27, 2011 (the "2011 Award Agreement") would continue to vest, become exercisable on July 27, 2014, and remain exercisable in accordance with the 2011 Award Agreement and not expire until October 27, 2014.

13.     On July 16, 2014, Lee gave written notice to USANA via email that she would like to sell her remaining 6,000 SSARs.

14.     Hearing nothing from USANA, Lee sent USANA a follow-up email on July 21, 2014, asking if there was an issue or she made a mistake.  Michael King of USANA responded by email dated July 21, 2014, stating that USANA was currently in a blackout period and that he assumed that was why her requested had not been processed and would follow up.

15.     Lee heard nothing further from USANA regarding her SSARs until USANA served the complaint in this action.  The complaint states a claim for declaratory judgment that USANA is not required to provide the SSARs because Lee allegedly breached the non-solicitation restriction of the Separation Agreement.

16.     Lee has renewed her request to exercise her remaining SSARs, as provided in the Separation Agreement, by delivering written notice of exercise to USANA's secretary, James Bramble, on October 17, 2014.

17.     Contrary to USANA's allegation in the complaint, Lee has fully complied with the non-solicitation requirements of the Separation Agreement and the Non-Solicitation Agreement.

18.     In its complaint, USANA alleged that Lee contacted USANA distributors, customers and potential distributors and customers, together with or through her son and Aaron Dinh, to convince them that Nerium would be a better fit, and that several key USANA distributors and customers left USANA and joined Nerium, including Brenton Haag, Cathy Ngo, Aaron Dinh, May Anilhongse, Maurizio Flores, Coach Mike, and Christy Grison.

19.     Lee has never, directly or indirectly, solicited any distributors or customers of USANA, including those listed in the foregoing paragraph 16, to leave USANA and join Nerium.

20.     Lee has never requested her son, Benjamin Wright, or Aaron Dinh to solicit USANA customers or distributors to leave USANA and join Nerium.

21.     Lee has not received any financial benefit from any customers or distributors of USANA leaving USANA to join Nerium.

22.     Upon information and belief, USANA filed the instant lawsuit for the purpose of intimidating and harassing Lee and thereby coercing her to waive her right to the final 6,000 SSARs under the 2011 Award Agreement.

## CLAIM FOR RELIEF
### (Declaratory Judgment pursuant to 28 U.S.C. § 2201)

23.     Lee incorporates the foregoing allegations set forth in this counterclaim, as if fully set forth herein.

24.     Under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201(a), in the case of an actual controversy within its jurisdiction, a court of the United States may declare the rights and other legal relations of any interested party seeking such declarations.

25.     There is an actual controversy between USANA and Lee concerning Lee's right to exercise her remaining 6,000 SSARs, as provided in the Separation Agreement.

26.     The Separation Agreement provides that Lee's remaining 6,000 SSARs granted to her under the 2011 Award Agreement shall become exercisable on July 27, 2014, and remain exercisable in accordance with the terms of the 2011 Award Agreement and not expire until October 27, 2014.

27.     Lee fully performed as required under the Separation Agreement.

28.     Lee gave USANA written of exercise of her SSARs on July 16, 2014, and again on October 17, 2014.

29.     USANA seeks a declaratory judgment in this action that it is not required to provide Lee her remaining 6,000 SSARs, and to date has refused to do so.

30.     Lee is entitled to declaratory judgment that:

    a.      Lee has performed her obligations under the Separation Agreement; and

    b.      USANA is obligated to provide Lee her remaining 6,000 SSARs, as provided in the Separation Agreement.

WHEREFORE, Lee prays for judgment against USANA as follows:

1.      For declaratory judgment that:

    a.      Lee has performed her obligations under the Separation Agreement; and

    b.      USANA is obligated to provide Lee her remaining 6,000 SSARs, as provided in the Separation Agreement.

2.      For reasonable attorneys' fees incurred herein, including pursuant to Utah Code § 78B-5-824;

3.      For her costs incurred herein;

4.      For such additional and further relief as the Court may deem just and proper.

DATED the 17th day of October, 2014.

                                        **PARR BROWN GEE & LOVELESS, P.C.**

                                        /s/ Stephen J. Hill
                                        Stephen J. Hill

                                        Attorneys for Belynda Lee

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 17th day of October, 2014, a true and correct copy of the

foregoing **AMENDED ANSWER AND COUNTERCLAIM** was served via the Court's

electronic filing system on the following:

      Erik A. Christiansen
      echristiansen@parsonsbehle.com
      Alan S. Mouritsen
      amouritsen@parsonsbehle.com
      PARSONS, BEHLE & LATIMER
      201 South Main Street, Suite 1800
      Salt Lake City, Utah 84111

                          /s/ Stephen J. Hill